IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOUISE K. SAINE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-00397-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Louise K. Saine's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Seavers' motion.

1. **Background**

On November 1, 2012, Petitioner pleaded guilty to two counts of distribution of crack cocaine and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c). *See United States v. Saine*, Case No. 12-cr-40098 (Doc. 17). On February 28, 2013, the undersigned Judge sentenced Saine to 108 months imprisonment on each count to run concurrently, six years supervised release, a $300 special assessment, and a $300 fine. (Doc. 28, 12-cr-40098). Saine's criminal history of four was based upon a Driving Under the Influence on June 30, 2004, Unlawful Delivery of a Controlled Substance on September 1, 2005, Unlawful Delivery of a Controlled Substance on April 14, 2007, and Unlawful Delivery of a Controlled Substance on May 10, 2009. Two points were added due to the fact that the instant offenses were committed while Saine was on probation. As such, it was determined that Saine was a

career offender under the meaning of U.S.S.G. § 4B1.1.  The advisory guideline range for imprisonment was 188 to 235 months.

Saine appealed on March 12, 2013, to the United States Court of Appeals for the Seventh Circuit; however, her appointed attorney asserted that the appeal was frivolous and moved to withdraw.  The appellate court order dismissing the appeal, entered on January 17, 2014, states:

> "Counsel first questions whether Saine could argue that it was error for the district court to apply the career-offender guideline.  *See* U.S.S.G. §4B1.1(a).  We agree with counsel that an appellate claim would be frivolous; Saine already had incurred three convictions in Illinois for delivery of a controlled substance, 720 ILCS 570/401, and two was enough to make her a career offender when she committed the federal trafficking crimes, *see* U.S.S.G. §4B1.1(a) & cmt.n.1, 4B1(2); *United States v. Black*, 636 F.3d. 893, 898 (7th Cir. 2011).  Moreover, the district court recognized that it could sentence Saine as if she was not a career offender, *see United States v. Corner,* 598F.3d 411, 416 (7th Cir. 2010)(en banc), but the court declined to exercise that discretion."

Saine's § 2255 motion filed on March 31, 2014.  A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).  Prisoners used to be able to file motions under § 2255 at any time during their sentences.  However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.  The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final for § 2255 purposes when the time expires for filing a petition for *certiorari* contesting the appellate court's decision affirming of the conviction. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). The period for filing such a petition expires 90 days after the court of appeals enters judgment or denies a petition for rehearing. S. Ct. R. 13. As such, Saine's § 2255 motion was timely filed.

In her § 2255 motion, Saine objects to the career offender enhancement on the grounds that they are flawed. She also argues that the career offender enhancement was not appropriate since she had no knowledge that, "the dealer was in my home;" "there was no evidence to support their claim of my criminal category;" and with reference to a vehicle search in which 17 grams of crack cocaine was found, "I don't recall this arrest." The Court will now consider whether Saine's allegations survive this threshold review.

2. **Analysis**

As a preliminary matter, Manley cannot raise in this forum errors in the application of the sentencing guidelines. As long as a defendant's sentence is within the sentencing range provided by the statute of the offense, sentencing guideline calculation errors are nonconstitutional and are not reviewable in § 2255 proceedings. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt*

3

*v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In this matter, it is difficult to determine what information the Petitioner is asking the Court to consider. The statement that she was not aware that the dealer was in her home is vague and lacks sufficient information to allow the Court to determine what incident or offense she is referring to. The same is applicable to her statement that she does not recall an arrest that involved 17 grams of crack cocaine. According to the Presentence Investigation Report (Doc. 18, 12-cr-40098), none of the offenses which contributed to her career offender status involved that amount of a controlled substance.

Further, her claim that there was no evidence to support her criminal category is contradicted by the Presentence Investigation Report (Doc. 18, 12-cr-40098), which lists 11 adult criminal convictions, six minor traffic convictions, and two other criminal conduct. As noted by the Appellate Court, Saine already had incurred three convictions in Illinois for delivery of a controlled substance and two was enough to make her a career offender.

Saine offers no arguments or facts of errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice. As such, Saine is entitled to no relief.

3. **Certificate of Appealability**

Having denied Saine's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  Saine has made no such showing.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a), Saine may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. **Conclusion**

Accordingly, this Court **DENIES** Saine's § 2255 Motion (Doc. 1) and **DISMISSES** this action.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:**  11/4/2014

                                                   s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**